1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES ESCO JACKSON,                        No.  2:23-cv-00034 DB P

12                      Plaintiff,

13          v.                                   ORDER

14   VEER BABU, et al.,

15                      Defendants.

16

17          Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants violated his Eighth Amendment rights through

19   deliberate indifference to plaintiff's medical needs.  Before the court is plaintiff's complaint for

20   screening (ECF No. 1) as well as plaintiff's motion to proceed in forma pauperis (ECF No. 2).

21          For the reasons stated below, the complaint will be dismissed with leave to amend.

22   Additionally, plaintiff's motion to proceed in forma pauperis will be granted.

23                              **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

26   granted.

27          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

28   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7   1915(b)(2).

**SCREENING**

8

9   **I.      Legal Standards**

10          The court is required to screen complaints brought by prisoners seeking relief against a

11   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

12   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

13   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

15   U.S.C. § 1915A(b)(1) & (2).

16          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

18   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

22   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

23   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

24   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

25   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26          However, in order to survive dismissal for failure to state a claim a complaint must

27   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

28   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

<u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

<u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional

violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

<u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

<u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.       Linkage Requirement**

      Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

that each defendant personally participated in the deprivation of his rights.  <u>See</u> <u>Jones v.</u>

<u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

////

3

1   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

2   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3           Government officials may not be held liable for the actions of their subordinates under a

4   theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

5   Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

6   liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

7   violated the Constitution through his own individual actions by linking each named defendant

8   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

9   Id.

10          **III.    Allegations in the Complaint**

11          Plaintiff states that at all relevant times, he was an inmate at the Sacramento County Jail.

12   (ECF No. 1 at 3.)  Plaintiff names as defendants Doctors Veer Babu and Robert Padilla, Judge

13   McFetridge, and DEOs Walsh, Ma, and Taxler.  (Id. at 2-3.)  Plaintiff also appears to include Doe

14   defendants.  (Id. at 3.)

15          The complaint contains the following allegations: in June 2022, plaintiff suffered a series

16   of strokes causing him to lose mobility in his hands and body.  (Id.)  At an unstated time,

17   defendants Babu and Padilla diagnosed plaintiff with arthritis.  (Id.)   The strokes plaintiff

18   suffered were due to a clot in his neck that was caused by plaintiff being unable to take blood

19   pressure medication.  (Id.)  Defendant DEOs "Walsh, Ma, Taxler, and Does" had denied plaintiff

20   access to this medication while he was being transferred to court.  (Id.)  While at court, plaintiff

21   "voiced [his] medical needs to officers and judge but was forced to court without medication

22   access."  (Id.)  Plaintiff then "suffered a stroke in front of [the] judge who humiliated

23   [plaintiff]…."  (Id.)  Plaintiff was denied access to his medication for a total of five days and

24   suffered four strokes in that period.  (Id.)

25          Plaintiff claims that defendants were deliberately indifferent to his serious medical need.

26   (Id.)  He seeks relief in the form of four million five hundred thousand dollars ($4,500,000.00) in

27   monetary damages.  (Id. at 6.)

28   ////

4

1    **IV.    Does Plaintiff State a Claim under § 1983?**

2           **A.  Legal Standard - Eighth Amendment Medical Needs**

3           The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

4    Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

5    punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

6    Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

7    Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

8    and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

9    by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

10          The deliberate indifference standard involves an objective and subjective prong.  First, the

11   alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan,

12   511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

13   official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."

14   Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment

15   for denying humane conditions of confinement only if he knows that inmates face a substantial

16   risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-

17   45.

18          If a prisoner's Eighth Amendment claim arises in the context of medical care, including

19   mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to

20   evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

21   Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and

22   the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059

23   (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

24   Cir. 1997) (en banc).

25          A medical need is serious "if the failure to treat the prisoner's condition could result in

26   further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

27   F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

28   "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

1   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

2   objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

3   825, 834 (1994).

4        If a prisoner establishes the existence of a serious medical need, he must show that prison

5   officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In

6   general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

7   interfere with medical treatment, or may be shown by the way in which prison officials provide

8   medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

9        Before it can be said that a prisoner's civil rights have been abridged with regard to

10  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

11  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

12  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

13  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

14  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

15  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

16  mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

17  the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

18       Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

19  at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

20  plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

21  Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

22  Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

23  200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

24  1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

25  provide additional support for the inmate's claim that the defendant was deliberately indifferent to

26  his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

27       Finally, mere differences of opinion between a prisoner and prison medical staff or

28  between medical professionals as to the proper course of treatment for a medical condition do not

6

1  give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

2  332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

3  F.2d 1337, 1344 (9th Cir. 1981).

4         **B.  Analysis - Eighth Amendment Medical Needs**

5         **1.  Defendants Babu and Padilla**

6        Plaintiff's claims against Babu and Padilla are unclear.  Plaintiff's only factual allegation

7  involving these two defendants states that, at some unknown time, they diagnosed plaintiff with

8  arthritis.  (ECF No. 1 at 3.)  It is not immediately apparent why this diagnosis constituted

9  deliberate indifference or contributed to violating plaintiff's rights.  If plaintiff intended to claim

10  that defendant Babu and Padilla misdiagnosed him, plaintiff is warned that this is insufficient on

11  its own to constitute deliberate indifference.  To state a medical needs claim, "the indifference to

12  his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical

13  malpractice' will not support this cause of action."  Broughton, 622 F.2d at 460; see also Toguchi,

14  391 F.3d at 1057; McGuckin, 974 F.2d at 1059.  Even if plaintiff's intent was to allege that

15  defendants Babu and Padilla incorrectly diagnosed plaintiff as having arthritis, this alone does not

16  show that these defendants had the requisite knowledge or intent to act to a establish deliberate

17  indifference claim.  Accordingly, plaintiff has not alleged sufficient facts to state a cognizable

18  Eighth Amendment claim against defendants Babu and Padilla

19         **2.  Defendants Walsh, Ma, Taxler, and Doe defendants**

20        Plaintiff claims that defendants Walsh, Ma, and Taxler, along with unnamed Doe

21  defendants, "refused [plaintiff] access to [his] blood thinner medication when they had [plaintiff]

22  enroute to court proceedings…."  (ECF No. 1 at 3.)  While the refusal to provide plaintiff with his

23  medication could theoretically serve as the basis of an Eighth Amendment claim, as stated,

24  plaintiff has failed to allege sufficient facts to state a claim.  Specifically, the allegations in the

25  complaint fail to satisfy the linkage requirement.

26        To state a claim, plaintiff must demonstrate that each defendant personally participated in

27  the deprivation of his rights.  See Jones, 297 F.3d at 934.  The allegation that a group of

28  individuals was responsible for the deprivation is insufficient as it fails to show an actual

connection between the actions of each individual defendant and the deprivation the plaintiff suffered.  See Ortez, 88 F.3d at 809; see also Taylor, 880 F.2d at 1045.  In the present complaint, plaintiff simply states that this group of defendants refused plaintiff access to his medication.  (See ECF No. 1 at 3.)  The complaint does not include any factual allegations regarding the acts or omissions of individual defendants.  As such, these allegations do not to satisfy the linkage requirement and, thus, fail to state a claim.

### 3.  Defendant McFetridge

Plaintiff also claims that defendant McFetridge violated his Eighth Amendment rights.  (ECF No. 1 at 3.)  However, plaintiff identifies defendant McFetridge as a judge and notes that he was appearing before defendant McFetridge in that capacity.  (Id.)  "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); see also Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008); Partington v. Gedan, 961 F.2d 852, 860 n.8 (9th Cir. 1992); Houghton v. Osborne, 834 F.2d 745, 750 (9th Cir. 1987).  As alleged, defendant McFetridge denied plaintiff's requests for access to medication during a court hearing before the defendant.  As such, defendant McFetridge is entitled to absolute immunity for any such action as it occurred while he was performing in his official capacity.

### C.  Additional Claims

Plaintiff also indicates in the complaint that he may wish to bring additional claims.  In particular, plaintiff mentions potential violations of the Fourteenth Amendment.  However, he does not include any factual allegations in connection with this claim and it is only mentioned at the bottom of plaintiff's Eighth Amendment claims.  As such, plaintiff fails to state any additional claims.  In an amended complaint, plaintiff should separate any constitutional violations into unique claims.  For each claim, plaintiff must clearly state the factual allegations that satisfy the requirements to state such a claim.

Accordingly, and given the above, plaintiff's complaint will be dismissed.  However, as it appears plaintiff may still be able to state a claim, he will be given the opportunity to file an amended complaint.

**AMENDING THE COMPLAINT**

This court finds above that plaintiff failed to allege sufficient facts to state a claim. Plaintiff will be given leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

////

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## DOE DEFENDANTS

Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell, 436 U.S. 692.  In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Eventually plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other

1   possibility of finding their names.  Since by this order plaintiff will be granted the option to file

2   an amended complaint, he must use the time given to amend to do everything he can to supply the

3   names of the Doe defendants without further assistance from the court.  He may seek extensions

4   of time for the filing of an amended complaint for that purpose if necessary.

5          Further, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use

6   "Doe" designations to refer to defendants whose names are unknown; however, he must number

7   them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers

8   to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the

9   defendants involved or list the Doe defendants involved and describe what each did to violate his

10  rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts

11  that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 did Y."  <u>Alexander v.</u>

12  <u>Tilton</u>, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

13  ////

14  ////

15  ////

16  ////

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint (ECF No. 1) is dismissed with leave to amend as it fails to state a cognizable claim.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  April 6, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/jack0034.scrn_lta

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28