1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES ESCO JACKSON,                       No.  2:23-cv-00034 DB P

12                  Plaintiff,

13         v.                                  ORDER

14   VEER BABU, et al.,

15                  Defendants.

16

17         Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants were deliberately indifferent to his serious

19   medical needs in violation of his Eighth Amendment rights.  Before the court is plaintiff's first

20   amended complaint ("FAC") for screening.  For the reasons stated below, the FAC will be

21   dismissed with leave to amend.

22                                   **SCREENING**

23   **I.  Legal Standards**

24         As described in this court's prior screening order, the court is required to screen

25   complaints brought by prisoners to determine whether they sufficiently state claims under 42

26   U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual

27   basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28

28   (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each

1  defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658

2  (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4  omits to perform an act which he is legally required to do that causes the deprivation of which

5  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6  **II.  Allegations in the FAC**

7      Plaintiff states that at all relevant times, he was an inmate at the Sacramento County Jail.

8  Plaintiff names as defendants (1) Sergeant Walsh; (2) "DEO #Badge 597," employed as a sheriff

9  at the Sacramento County Jail; and (3) three defendants identified only as John Does ##1-3

10 "transport."

11     Plaintiff alleges the following.  In June 2022, plaintiff was taken from the jail to court.  He

12 told defendants that he needed his blood thinner medication but they refused to give it to him.  As

13 a result, he suffered a stroke in front of the judge.  He suffered a total of four strokes in five days.

14 At the hospital, he had emergency surgery for a blood clot in his neck.  As a result of the strokes,

15 he suffers a loss of mobility in his hands and legs.

16     Plaintiff claims that defendants were deliberately indifferent to his serious medical need

17 when they refused to provide him with his medication.  He seeks relief in the form of four million

18 five hundred thousand dollars ($4,500,000.00) in monetary damages.

19 **III.  Does Plaintiff State a Claim under § 1983?**

20     In the prior screening order, this court set out the standards for an Eighth Amendment

21 medical claim.  Briefly, to state a claim under the Eighth Amendment, plaintiff must allege facts

22 showing that he had a serious medical need and that defendants knew of, and disregarded, an

23 excessive risk to plaintiff's health.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

24 Defendants conduct must be more than indifferent or negligent.  Broughton v. Cutter

25 Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  Plaintiff must show defendants were

26 "deliberately indifferent" to his serious medical need.  Deliberate indifference is "a state of mind

27 more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the

28 prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

2

Plaintiff shows that he had a serious medical need.  However, plaintiff's allegation that he told all defendants that he needed his medication and that all defendants refused to give him his medication is insufficient for at least two reasons.  First, to state a claim, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The allegation that a group of individuals was responsible for the deprivation is insufficient as it fails to show an actual connection between the actions of each individual defendant and the deprivation the plaintiff suffered.  See Ortez v. Washington Cty., 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff must allege facts showing just what he told each defendant and what each defendant said and/or did in response.

A second problem with the FAC is that plaintiff fails to show that each defendant knew, or should have known, that plaintiff's lack of his blood thinner medication could result in an excessive risk to his health.  The fact that plaintiff told defendants that he needed his medication does not mean each defendant knew that plaintiff could suffer very serious consequences if he did not have his medication.

Plaintiff fails to adequately allege a violation of his Eighth Amendment rights.  He will be given another opportunity to try to state a claim.

## AMENDING THE FAC

Plaintiff will be given leave to file a second amended complaint.  If plaintiff chooses to file a second amended complaint, he must address the problems with his FAC that are explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

4

1      **DOE DEFENDANTS**

2          Plaintiff again seeks relief against unnamed defendants.  The use of John Does in pleading

3      practice is generally disfavored – but it is not prohibited.  <u>See</u> <u>Gillespie v. Civiletti</u>, 629 F.2d 637,

4      642 (9th Cir. 1980); <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>Lopes v.</u>

5      <u>Viera</u>, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  Eventually plaintiff <u>may</u> be afforded an

6      opportunity for limited, preliminary discovery to identify the names of the John Does and to

7      identify the name of the defendant identified only as "DEO" and a badge number.  However,

8      discovery would only be permitted if it may result in uncovering the defendants, <u>Gillespie</u>, 629

9      F.2d at 642, and only after the court is satisfied plaintiff has exhausted every other possibility of

10     finding their names.  Since by this order plaintiff will be granted the option to file a second

11     amended complaint, he must use the time given to do everything he can to supply the names of

12     the unnamed defendants without further assistance from the court.  He may seek extensions of

13     time for the filing of a second amended complaint for that purpose if necessary.

14         If plaintiff chooses to file a second amended complaint, he shall either name the

15     defendants involved or list the Doe defendants involved and describe what <u>each</u> did to violate his

16     rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts

17     that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  <u>Alexander v.</u>

18     <u>Tilton</u>, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

19     **CONCLUSION**

20         For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

21     follows:

22         1.  The first amended complaint (ECF No. 11) is dismissed with leave to amend.

23         2.  Plaintiff is granted thirty days from the date of service of this order to file a second

24             amended complaint that complies with the requirements of the Civil Rights Act, the

25             Federal Rules of Civil Procedure, and the Local Rules of Practice; the second

26             amended complaint must bear the docket number assigned this case and must be

27             labeled "Second Amended Complaint;" failure to file a second amended complaint in

28     ////

1  accordance with this order may result in a recommendation that this action be
2  dismissed.
3      3.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
4          form used in this district.
5
   Dated:  June 8, 2023
6
7
8                                                    _____
                                                     DEBORAH BARNES
9                                                    UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21  DB:9
22  DB/DB Prisoner Inbox/Civil Rights/S/jack0034.FAC scrn LTA
23
24
25
26
27
28
                                      6